## ATTACHMENT A

119 23rd STREET SE, ROANOKE, VIRGINIA described as a residential property located along 23rd Street, and consists of a multi-story house. 119 is depicted on the column leading to the entry of the residence. The residence is primarily brick and contains 4 bedrooms and 2 bathrooms. The main point of entry of the residence is a glass storm door and light colored door located on the front of the residence.



# ATTACHMENT B

The items to be seized include the following items:

With respect to violations of Title 21, United States Code, Sections 841(a)(1) and 846(a)(1), and Title 21, United States Code, Section 843(a)(3):

1. any evidence of a crime;
2. contraband, fruits of crime, and items illegally possessed; and
3. property designed for use, intended for use, and used in committing a crime.

These items include, but are not limited to, the following items:

Records, documents, and materials present on or within 119 23rd Street SE, Roanoke, Virginia, as described in Attachment A, including in locked containers, in whatever form they are maintained, including handwritten and computer generated, and controlled substances, including, but not limited to, the following items:

1. Any and all records regarding the acquisition, prescribing, dispensing and inventory of controlled substances, including appointment books; sign-in sheets; patient lists, patient files and notes; patient referrals or other treatment records; video recordings of patient interviews or visits; prescriptions; dispensing logs; order forms; receipts; theft and loss reports; shipping records; packing slips; accounting ledgers; logs; patient payment records or receipts; receipts relating to the sale of controlled substances; the treatment history and payments of patients;

2. Any and all controlled substances that are not lawfully prescribed to DAVIS or any other occupants of DAVIS' residence.

3. Computers and storage media, as those terms are defined in the Affidavit and below.

4. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;
    b. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;
    c. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

      d. evidence of the times the COMPUTER was used;
      e. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;
      f. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;
      g. records of or information about Internet Protocol addresses used by the COMPUTER;
      h. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;
      i. contextual information necessary to understand the evidence described in this attachment;
      j. any and all text messages, picture messages, application messages, and any other records reflecting the criminal conduct described in the Affidavit.

5. As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

6. The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile and cellular phones, tablets, servers, computers, and network hardware, and all software stored or accessed by such devices.

7. The term "storage medium" includes any physical object upon which computer data can be recorded. Examples included hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

The government is specifically authorized to seize all computers and storage media located on the premises described in Attachment A. The government is further authorized to search such seized computers and storage media, both on-site and off-site by whatever means available to it, for the items sought in this warrant.

8. With respect to law enforcement's review of the computers or devices seized pursuant to this warrant, law enforcement (i.e., the federal agents and prosecutors working on this investigation and prosecution), along with other government officials and contractors whom law enforcement deems necessary to assist in the review of the computers or devices (collectively, the "Review Team") are hereby authorized to review, in the first instance, the computers or devices and the information and materials contained in them, as set forth in this Attachment B. If

law enforcement determines that all, some, or a portion of the information or materials on the computers or devices contain or may contain information or material subject to a claim of attorney-client privilege or work-product protection (the "Potentially Privileged Materials"), the Review Team is hereby ordered to: (1) immediately cease its review of the specific Potentially Privileged Materials at issue; (2) segregate the specific Potentially Privileged Materials at issue; and (3) take appropriate steps to safeguard the specific Potentially Privileged Materials at issue.

9. Nothing in this addendum shall be construed to require law enforcement to cease or suspend the Review Team's review of the computers or devices upon discovery of the existence of Potentially Privileged Materials on one or more of the computers or devices.